IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Grant Liverett, | ) | C.A. No.: 2:12-cv-1285-PMD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Island Breeze International Inc., Bradley T. Prader, and Michael Hovdestad, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, represented by counsel at the time, filed the instant action in the Charleston County Court of Common Pleas. (See Dkt. No. 1-1.) On May 16, 2012, the case was removed to this court. (Dkt. No. 1.) On September 24, 2012, the Honorable Patrick M. Duffy granted the request of Plaintiff's counsel to withdraw, and Plaintiff was given time to find new counsel. (See Dkt. No. 18; Dkt. No. 25.) Plaintiff did not obtain other counsel; he is therefore proceeding pro se. (Dkt. No. 31.) On January 16, 2013, the Plaintiff was notified that he was required to keep the Clerk of Court advised–in writing–of his address; that Order states, *inter alia*:

> Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:
>
> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 835, Charleston, South Carolina 29402**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

(Dkt. No. 31 at 1-2.)

1

This case has been pending in federal court for nearly three years, with no action taken to move the case forward in nearly two years. On May 7, 2013, the Honorable Bruce Howe Hendricks issued an Order granting the Plaintiff's motion to stay in light of his overseas deployment. (Dkt. No. 40.) On January 10, 2014, Judge Hendricks issued the following Text Order:

> STATUS REPORT TEXT ORDER. On May 7, 2013, the undersigned issued an order staying the instant matter in light of the Plaintiff's deployment. (Dkt. No. 40.) According to Plaintiff's Motion to Stay, his deployment was scheduled to end on November 30, 2013. (See Dkt. No. 36.) It is therefore ORDERED that all parties, Plaintiff and Defendants, shall file a status report in the instant matter on or before 1/31/2014. AND IT IS SO ORDERED.

(Dkt. No. 45.) Defendants filed a Status Report on January 31, 2014, stating that Defendants "have heard nothing from Plaintiff Grant Liverett since his last filing on February 11, 2013" and that Defendants "would welcome the dismissal of this case due to Plaintiff's failure to prosecute his alleged claims." (Dkt. No. 46.) Plaintiff–who has been granted permission to file and to receive documents electronically in light of his overseas deployment–filed his Status Report on February 12, 2014. (Dkt. No. 49.) In his Status Report, Plaintiff stated,

> I am only now aware of this email and have never received anything by mail of the matter. I apologize for the delay due to being deployed. Noting my deployment and having to be away from my family is directly related to IBI's failure to keep their obligations. I will be in Charleston in mid April to resume the case with an attorney and DO NOT wish to have it dismissed.

(Dkt. No. 49.)[1]

Having heard nothing from Plaintiff in April of 2014, Judge Hendricks issued another Status

---

[1] Plaintiff's Motion to File Correspondence Through Email was granted via Text Order on May 7, 2013: TEXT ORDER granting 35 Motion to File Correspondence Through Email. In light of Plaintiff's overseas deployment and difficulties receiving correspondence through the United States mail system, Plaintiff shall file his correspondence by emailing filingdocs_ecf_chas@scd.uscourts.gov. Plaintiff is reminded to copy counsel for Defendants on any email. AND IT IS SO ORDERED. (Dkt. No. 39.) Despite the instruction that Plaintiff send his filings to the email address filingdocs_ecf_chas@scd.uscourts.gov, Plaintiff sent his Status Report to an unmanned email box. (See Dkt. No. 49.) Despite Plaintiff's error, the Clerk received and docketed his Status Report.

2

Report Order on May 8, 2014; that Order stated:

> STATUS REPORT TEXT ORDER. On May 7, 2013, the undersigned issued an order staying the instant matter in light of the Plaintiff's deployment. (Dkt. No. 40.) According to Plaintiff's latest Status Report, he was scheduled to return to Charleston in mid-April 2014 to resume his case. (See Dkt. No. 49.) It is therefore ORDERED that all parties, Plaintiff and Defendants, shall file a status report in the instant matter on or before 5/28/2014.

(Dkt. No. 51.) Defendants filed a Status Report on May 28, 2014, indicating that they "have heard nothing from Plaintiff Grant Liverett since his last filing on February 14, 2014" and that they "would welcome dismissal of this case due to Plaintiff's failure to prosecute his alleged claims." (Dkt. No. 53.) On May 28, 2014, Plaintiff filed a Motion to Stay, wherein Plaintiff stated,

> Requested update: Unfortunately for me I am still overseas. This legal process has been extremely difficult on me being out of the Country, but I DO NOT wish to have my case dismissed. I am overseas to support my family and protect our Country from extremist because IBI recklessly disregarded our agreement. I have very limited resources here to aid me in this legal process. I request a Motion to Stay until September 15, 2014, by this date I will be able to visit the States in order to regain counsel. Thank you for your patience and understanding.

(Dkt. No. 54.)

On June 5, 2014, the case was reassigned to Magistrate Judge Wallace W. Dixon, and on October 24, 2014, Judge Dixon issued the following Text Order: "TEXT ORDER finding as moot 54 Motion to Stay. Case was stayed per order entered May 7, 2013." (Dkt. No. 57; see also Dkt. No. 55.) The Clerk mailed the October 24, 2014 Order to the Plaintiff at his last known address, and Plaintiff also received an Electronic Notice of Filing at his email address (abnrgr9195@aol.com). (Dkt. No. 58; see also Dkt. No. 57.) The Order was mailed to Plaintiff at his address of record:

> Grant Liverett
> Force Protection Camp Bondsteel
> APO, AE 09340

3

(Dkt. No. 58; see also Dkt. No. 59.) The envelope containing the Order was returned to the Clerk of Court on or about December 1, 2014; the envelope was marked "Return to Sender Not Deliverable As Addressed Unable to Forward." (Dkt. No. 59.)

Accordingly, on December 5, 2014, Judge Dixon issued an Order stating, *inter alia*,

> As noted above, Plaintiff was advised by the order dated January 16, 2013, of his responsibility to notify the court *in writing* if his address changed. (Dkt. No. 31.) He has not done so.
> IT IS ORDERED that the Plaintiff shall have through **DECEMBER 29, 2014**, in which to advise the Clerk of Court in writing (P.O. Box 835, Charleston, South Carolina 29402) of his new address. The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir.1982). See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 60 at 3.) On December 31, 2014, Plaintiff provided an updated mailing address: Plot 852 Bunga, Kampala, Uganda. (Dkt. No. 62.)

On January 7, 2015, the instant case was reassigned to the undersigned United States Magistrate Judge. (Dkt. No. 63; see also Dkt. No. 64.) The notice of case reassignment was mailed to Plaintiff at his address of record:

> Grant Liverett
> Plot 852 Bunga
> Kampala, Uganda

(Dkt. No. 66.) The envelope containing the notice of reassignment was returned to the Clerk of Court on or about April 30, 2015; the envelope was marked "Return to Sender" for "Insufficient Address." (Dkt. No. 66.)

On May 7, 2015, the undersigned issued an order lifting the stay and ordering the parties to

4

submit proposed scheduling orders to baker_ecf@scd.uscourts.gov within twenty days. (Dkt. No. 67.)

That Order provided, *inter alia*,

> The parties are ORDERED to submit–**within twenty (20) days of the date of this Order**–a proposed scheduling order for the remainder of this case to baker_ecf@scd.uscourts.gov. Plaintiff shall copy defense counsel on his submission, and defense counsel shall copy Plaintiff on Defendants' submission. Plaintiff is also ORDERED to submit–**within twenty (20) days of the date of this Order**–his updated address to the Clerk of Court; he may file such updated address by emailing his updated address to filingdocs_ecf_chas@scd.uscourts.gov. The Plaintiff is advised that if he fails to comply with this Order, or fails to participate in the prosecution of this case, the undersigned will recommend dismissing the instant action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir.1982).  See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).  The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 67 at 4-5.)

On May 27, 2015, Defendants complied with the undersigned's Order of May 7, 2015, and submitted a proposed scheduling order for the remainder of the case. Despite the fact that the undersigned's Order of May 7, 2015 was sent to Plaintiff electronically and to his address of record, Plaintiff has not complied with that Order. The Plaintiff was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir.1982). See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

  IT IS SO RECOMMENDED.

                                                          _____
                                                          MARY GORDON BAKER
                                                          UNITED STATES MAGISTRATE JUDGE

May 28, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).